MICHAEL BALINT, PLAINTIFF-APPELANT, v. MORRIS STEIN, ANNA STRAKA AND FRANK STRAKA, DEFENDANTS-RESPONDENTS.

Submitted October term, 1930—Decided May 25, 1931.

Before Justices CASE, DALY and DONGES.

For the plaintiff-appellant, *Biro & Strell.*

For the defendant-respondent Morris Stein, *Collins & Corbin* (*Edward A. Markley* and *James B. Emory,* on the brief).

For the defendants-respondents Anna Straka and Frank Straka, *Green & Green* (*David Green* and *Harold Farkas,* on the brief).

PER CURIAM.

At the trial of the action, and before the taking of testimony, defendants moved to dismiss the action on the ground that it was not commenced and sued upon within the time allowed by the statute of limitations. That motion was granted. Exception was taken and the appeal is from the

judgment entered on the ruling. Plaintiff obtained a rule to show cause why a new trial should not be granted and on the return of the rule argued the precise reasons that are now argued on the appeal. The court, after hearing argument, dismissed the rule.

The essence of the matter then and now under controversy was and is that a District Court summons is effective for the purpose of commencing an action as of the date on which it issues "out of the office of the attorney" and not when it is tested by the clerk under the seal of the court. It is true, indeed, that the rule provided that the granting thereof should not be a waiver of any grounds of appeal existing in favor of the plaintiff, but the rule issued for the specific purpose of considering the point in dispute. We consider that, under the reasoning of our cases, appellant may not present to this court for review on appeal the same questions that were fully presented to, and considered and decided by, the trial court on a rule to show cause even though the exceptions had been reserved. *Faragasso* v. *Introcaso et al.,* 98 *N. J. L.* 583.

The appeal will be dismissed.